2d May, 1810.
BkevaRD, J.,
delivered the opinion of the whole court. That as there was no evidence to prove that the negro woman in question had come, by fraud, into the possession of Samuel Inabnit, or that she was held, or withheld, fraudulently ; or that she was delivered to Inabnit, as trustee, or bailee, the presumption was extremely strong, under all the circumstances of the case, that he acquired the possession by purchase. That his possession was adverse to the claim of old John Vernon, and all others deriving a title from him. Nothing appeared, in evidence, to shew that the donor and donee, were ignorant of Inabnit’s possession. It seems, therefore, clear, that their claims were completely barred by the act of limitations during the life of old Vernon. The adverse possession of Inabnit continued from the year 1789, until this suit was commenced. But it has been contended, that this adverse possession ought not to^affect the right of the donee, who was an infant; and it seems Inabnit had not possession until after the gift to James Vernon, who was not, by the terms of the gift, to have possession until after his father’s death, who had reserved to himself a life estate in the property. My opinion, however, is, that the tact of limitations did attach, and operated to bar the estate and ■title of old Vernon, and that James Vernon’s remainder under the deed, could not take effect. As to the bill of sale, it must be put out of. view altogether. The loss of that instrument was not considered by the court, on the trial, to have been sufficiently proved, so as to authorize the admission of evidence to prove its contents. Its contents could not appear, and, therefore, it seems to me, there would have been no impropriety in the admission of parol evidence, not connected with a contract in writing, to prove a sale of the negro to Inabnit. Again, it appears to me, that the possession of the wench should have been left to the jury, as presumptive evidence of a purchase, under the circumstances of the case. The possession of a personal chattel is always considered prima facie evidence of property. In this case, the great length of possession afforded the strongest presumptive evidence of a transfer. It is almost the only evidence which can be adduced to prove *414 property in a personal chattel, as few purchasers are careful enough' to take bills of sale, or can produce evidence of a bargain and sale. This evidence may, I think, in general, be depended on. At any rate> should be deemed sufficient to throw the onus probandi on the party claiming in opposition to such possession, to remove the presumption it affords.
But if the deed of gift transferred a title to the plaintiff’s intestate, which was not barred by the operation of the act of limitations, it matters not whether the sale to Inabnit was proved or not, as the sale was subsequent to the gift. It is therefore necessary to investigate this gift, to ascertain whether the intestate took any, and if any, what estate, or interest under it. Now the possession of Inabnit, so inconsistent with the condition of the gift, and to the gift itself, together with the circumstance of the deed’s not being recorded till the year 1804, affords a very strong presumption against the fairness of the transaction. But the deed cannot take effect according to the meaning and intent of it. It is settled law, that a man cannot limit a personal chattel to one for life, and the remainder to another, except by will, or by deed of trust. In the first case, the property passes by way of executory bequest; and in the second, it vests in the trustees, for the uses and purposes in the deed declared. Now if a life estate in a chattel cannot be carved out by deed, without the intervention of trustees, in whom the legal •.-estate must vest for the benefit of others ; with what propriety can it be contended that a man may carve out of a chattel interest, a life estate for himself, and convey the remainder, which, from the nature of the interest, must be uncertain and contingent, to another, to vest in the remainder-man after the death of the donor ? To allow such gifts, would be mischievous in the consequences which would result to creditors, and subsequent purchasers. And besides cui bono, what necessity for such gifts, when the same effect may be produced, and the same object attained, by a last will and testa, meat ? We are of opinion the deed of gift passed no property to the donee, as possession did not accompany and follow it.
New trial granted.